**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT PELLER, | CIVIL ACTION NO. 09-6481 (MLC) |
| Plaintiff, | **ORDER & ORDER TO SHOW CAUSE** |
| v. |  |
| WALT DISNEY WORLD CO., et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, who is a New Jersey citizen, bringing this action in New Jersey state court (1) to recover damages for personal injuries ("Injuries") caused by "food [that] was not fit for human consumption" in a commissary ("Incident") located in the United States District Court for the Middle District of Florida, and (2) against the defendants, all of which are deemed to be citizens of, among other states, Florida (dkt. entry no. 1, Rmv. Not. & Compl.); and the defendants removing the action under 28 U.S.C. § ("Section") 1332; and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**IT APPEARING** that this action would have been more properly brought in the Middle District of Florida, as (1) the Incident occurred and the Injuries arose therein, (2) the federal court

there will be more familiar with the site at issue, (3) the defendants can be found there, (4) most of the non-party witnesses probably live and work nearby, (5) evidence will be found there or nearby, and (6) controlling Florida law will be easily applied there, see Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (granting part of motion seeking transfer to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more familiar with Nevada law, and (4) relevant evidence in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant ran facility at issue and accident occurred in Virginia); Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) accident occurred in Maryland, and (2) Maryland law applied); and it appearing that any medical treatment provided in New Jersey for the Injuries is not a controlling factor, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's argument — in granting motion to transfer — that action should be in plaintiff's home venue where medical treatment was ongoing);

2

Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

    **THE COURT** thus intending to order the parties to show cause why the action should not be transferred to the Middle District of Florida; and the Court advising the parties to address Section 1404 and the Jumara factors; and for good cause appearing;[1]

---

[1] The Court is authorized to address this issue in this manner sua sponte. See Jumara, 55 F.3d at 877 n.3; Lester v. Gene Express, No. 09-403, 2009 WL 3757155, at *4 n.5 (D.N.J. Nov. 10, 2009).

**IT IS THEREFORE** on this 29th day of March, 2010, **ORDERED** that the defendants' motion to dismiss the Complaint for lack of personal jurisdiction or to transfer venue pursuant to 28 U.S.C. § 1406 (dkt. entry no. 5) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the defendants are **GRANTED LEAVE** to move again if appropriate for the aforementioned relief, on a new notice of motion, after the resolution of the following Order to Show Cause; and

**IT IS FURTHER ORDERED** that the parties will **SHOW CAUSE** why the action should not be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file responses with the Court electronically by 5 P.M. on the following dates:

    April 16, 2010 Plaintiff's response
    April 23, 2010 Defendants' response
    April 28, 2010 Plaintiff's reply; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[2] and

---

[2] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this Order to Show Cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry.

**IT IS FURTHER ORDERED** that if a party fails to respond to this Order to Show Cause, then that party will be deemed to be in support of a transfer of venue; and

**IT IS FURTHER ORDERED** that this Order to Show Cause will be decided on **THURSDAY, APRIL 29, 2010,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge