**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT PELLER, | CIVIL ACTION NO. 09-6481 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| WALT DISNEY WORLD CO., et al., | |
| Defendants. | |

**THE COURT** ordering the parties to show cause why this action to recover damages for personal injuries ("Injuries") caused by "food [that] was not fit for human consumption" in a restaurant operated by the defendants ("Incident") should not be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § ("Section") 1404 (dkt. entry no. 10, Order to Show Cause);[1] and the Court suggesting that the action should have been brought in the Middle District of Florida, where the defendants are citizens, the Incident occurred and Injuries arose, where the restaurant is located, where most of the non-party witnesses live and work, and where Florida law will be easily applied (id.); and it appearing that the Incident and the Injuries have no connection to New Jersey (id.); and

---

[1] The Court has subject matter jurisdiction pursuant to Section 1332.

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE PLAINTIFF** opposing a transfer of venue (dkt. entry no. 13, Pl. Resp.); and the plaintiff arguing that transfer is premature as discovery has not commenced to identify the location of relevant evidence and witnesses (id. at 2); and the plaintiff further arguing that transfer is premature because no decision has been made regarding which state's law will apply (id. at 3); and the plaintiff suggesting that the Court permit discovery to continue so as to identify the location of evidence and witnesses (id. at 3-4); and the plaintiff further arguing that the defendants would not be unduly burdened by litigation in New Jersey and that New Jersey is a more convenient forum for the plaintiff (id. at 5); and the plaintiff stating that his choice of venue is of "paramount importance" (id. at 6); and the plaintiff arguing that he believes that all of his witnesses will be located in New Jersey (id. at 7); and the plaintiff arguing that the Middle District of Florida has a more congested docket than the District of New Jersey (id. at 16); and the plaintiff arguing that New Jersey has an interest in protecting the health of its citizens; and

**THE DEFENDANTS** supporting transfer of venue to the Middle District of Florida (dkt. entry no. 14, Def. Resp.); and the defendants arguing that the plaintiff's choice of forum has little connection to the operative facts of the lawsuit and should thus be given less weight (id. at 5); and the defendants arguing that the mere fact that the plaintiff is from New Jersey and sought medical care does not compel that venue is proper there (id.); and the defendants further arguing that the witnesses to the events giving rise to the action are located in Florida and documents related to the alleged negligence are also located in Florida (id. at 6); and the defendants arguing that while the Middle District of Florida may have a greater caseload than the District of New Jersey, cases proceed to trial much more quickly in the Middle District of Florida than in the District of New Jersey (id. at 8); and

**THE PLAINTIFF** further arguing that the defendants have provided no factual evidence to support transfer to the Middle District of Florida (dkt. entry no. 16, Pl. Second Resp. at 2.); and the plaintiff arguing that medical treatment was received for the injuries in New Jersey (id. at 6); and

**THE COURT** having reviewed both parties' arguments; and the Court finding that transfer to the Middle District of Florida is appropriate as the Incident and Injuries occurred there; and the Court finding that the private interest factors favor transfer as

3

the plaintiff's choice of forum is granted less deference where, as here, "the central facts of the lawsuit occurr[ed] outside the chosen forum" and the chosen forum "has little connection with the operative facts of the lawsuit," Melone v. Boeing Co., No. 07-1192, 2008 WL 877974, at *2 (D.N.J. Mar. 28, 2008) (citation omitted); and it appearing that the alleged negligence causing the Injuries occurred in Florida and, as such, Florida has the "closest connection to the alleged culpable conduct giving rise to the injury," id. at *3 (citation omitted); and

**THE COURT** further noting that the defendants' preferred forum is Florida, where the operative facts of this action occurred, and thus the defendants' preference favors transfer; and the Court noting that the convenience of witnesses is only considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora," see Jumara, 55 F.3d at 879; and it appearing that the plaintiff has only argued that his witnesses will be inconvenienced and has not shown that they will be unable or unwilling to attend trial in an alternative forum; and the Court noting that the plaintiff's arguments concerning medical treatment in New Jersey, and the inconvenience and expense that the plaintiff will encounter by litigating in Florida, are without merit and ignore case law presented in the Order to Show Cause (Order to Show Cause at 2-3); and the Court

4

thus finding that the private factors favor transfer to the Middle District of Florida; and

**THE COURT** further finding that the public interest factors also favor transfer as Florida has significant contacts with the conduct and events underlying this ligation, and thus has a strong public interest in adjudicating this dispute, see <u>Hoffer v. Infospace.com, Inc.</u>, 102 F.Supp.2d 556, 576 (D.N.J. 2000) (concluding that state in which substantial amount of alleged culpable conduct occurred had strong public policy interest in adjudicating dispute); and it appearing that court congestion does not weigh against transfer as cases in the Middle District of Florida proceed to trial more quickly than those in the District of New Jersey; and it further appearing that Florida law will apply in this matter and that a Florida court would be more familiar with Florida law, see <u>Buccilli v. Nat'l R.R. Passenger Corp.</u>, No. 08-4214, 2010 WL 624113, at *3-*4 (D.N.J. Feb. 17, 2010) (applying Virginia law where injury and allegedly wrongful conduct occurred in Virginia and Virginia was where the parties' relationship was centered); and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) transfer the action to the Middle District of

5

Florida; and for good cause appearing, the Court will issue an appropriate order.

                                               s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated: May 28, 2010